IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KWAKU O. KUSHINDANA | * | |
| Plaintiff *pro se* | * | |
| v. | * | CIVIL ACTION NO. RDB-06-1328 |
| NEIGHBORHOOD STABILIZATION FUND, INC. | * | |
| | * | |
| Defendant | | |

\*\*\*\*\*\*

MEMORANDUM OPINION

      The Plaintiff, Kwaku O. Kushindana, proceeding in proper person, has filed a complaint in this action against the Defendant, Neighborhood Stabilization Fund, Inc. ("NSF"), alleging that he was improperly denied benefits from NSF in connection with an agreement between the parties, pursuant to which he was to receive certain benefits.  The Plaintiff's complaint alleges damages in excess of $75,000.00 and alleges jurisdiction of this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  Presently pending before this Court is the Motion of the Defendant, Neighborhood Stabilization Fund, Inc., to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based specifically upon an arbitration agreement existing between the parties.  The Court has reviewed the submissions of the parties and no hearing is necessary in this matter.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED and this matter shall be dismissed without prejudice.

BACKGROUND AND PROCEDURAL HISTORY

The facts are viewed in the light most favorable to the Plaintiff and are indeed essentially undisputed.  On December 21, 2004, the Plaintiff Kushindana entered into an agreement pursuant to which the Defendant Neighborhood Stabilization Fund, Inc. was to provide certain benefits to the Plaintiff in connection with the procurement of mortgage loan financing. Paragraph 18 of that agreement specifically contained an arbitration clause pursuant to which any "claim or dispute regarding the terms or conditions" of the agreement were to be submitted to arbitration in accordance with the "commercial arbitration rules of the American Arbitration Association."  As a result of the Plaintiff's cancellation in the program administered by the Defendant, the Plaintiff on January 25, 2006, filed a demand for arbitration with the American Arbitration Association, consistent with the requirements of the original agreement.  That arbitration has not yet been conducted.  Nevertheless, the Plaintiff then filed the subject action in this Court.

The Defendant has filed its Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure contending that this Court lacks subject matter jurisdiction over this cause of action as a result of a valid arbitration agreement existing between the parties.

STANDARD OF REVIEW

The United States Court of Appeals for the Fourth Circuit has summarized the standard for reviewing a Rule 12(b)(1) motion contesting the factual basis for subject matter jurisdiction:

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982).  In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings

> without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra,* 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta, supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## DISCUSSION

It is perfectly clear to this Court that there was a valid arbitration agreement contained in the agreement between the parties. The Federal Arbitration Act as set forth in 9 U.S.C. §§ 2 *et seq.,* sets forth the strong "federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). As the Defendant has aptly noted, this Act "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 US 213, 218 (1985) (emphasis in original).

The Federal Arbitration Act clearly provides for this Court to enter a stay of these proceedings pending arbitration. 9 U.S.C. § 3. However, the United States Court of Appeals for the Fourth Circuit in *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001), further held that a District Court has discretion to dismiss a complaint where

it finds that all of the claims before it are arbitrable.[1]  However, the position of the Fourth Circuit is clear to this Court.  This Court has reviewed the complaints asserted by the *pro se* Plaintiff in this action and it is clear to this Court that all of this claims fall within the ambit of the arbitration agreement which is clearly the reason for his having initially filed for arbitration.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is GRANTED.  A separate Order follows dismissing this action without prejudice.

February 28, 2007                                     /s/_____
                                                      Richard D. Bennett
                                                      United States District Judge

---

[1] There appears to be a split of authority as to whether or not a District Court should enter a dismissal order or stay the action.  Compare *Greene v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000). *Bercovitch v. Baldwin School Inc.*, 133 F.3d 141, 156 and n.21 (1st Cir. 1998).